## UNITED STATES v. BRENGLE et al.

District Court, W. D. Virginia.

Sept. 11, 1939.

Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and Frank Tavenner, Asst. U. S. Atty., of Woodstock, Va.

T. W. Messick, of Roanoke, Va., and John W. Carter, of Danville, Va., for defendants.

DOBIE, District Judge.

Defendants were indicted on fifteen counts charging substantive violations of the White Slave Traffic Act, 18 U.S.C.A. § 397 et seq., and on one count charging conspiracy to violate this Act.

At the time of the arrest of the defendants, the federal agents making the arrest made a search of the premises occupied by the defendants (the arrest being made on these premises), and these agents seized and took away various objects and documents then and there found. The defendants filed a motion for the return of these objects and documents, on the ground that the search and seizure were illegal, and for suppression of these objects and documents as evidence. This motion was orally argued and briefed by counsel, and evidence was heard in connection with the motion. There was obvious conflict in the evidence, but, for the purposes of this motion, the court holds that the arrest was lawful and that the search and seizure were against the will, and without the consent of the defendants. The federal officers had no search warrant.

On the subject of searches and seizures in connection with the Fourth Amendment to the Constitution of the United States, U. S.C.A., the cases are thrice legion; but many of these cases have not been found to be very helpful, and in connection with the instant motion only three of these cases will be discussed.

In Marron v. United States, 1927, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, the offense charged was conspiracy to maintain a nuisance in violation of the Prohibition Act, and the searching officers were armed with a search warrant, though the opinion also discusses the right of contemporaneous search and seizure incidental to a lawful arrest. The officers making the lawful arrest, it was held, had a right "contemporaneously to search the place in order to find and seize the things used to carry on the criminal enterprise". And, it was further held, into this category fell a ledger and "bills for gas, electric light, water, and telephone services". 275 U.S. at page 199, 48 S.Ct. at page 77, 72 L.Ed. 231.

United States v. Lefkowitz, 1932, 285 U. S. 452, 52 S.Ct. 420, 423, 76 L.Ed. 877, 82 A.L.R. 775 (the opinion here, as in the Marron case, being written by Mr. Justice Butler), carefully distinguishes the Marron case. In the Lefkowitz case there was a warrant of arrest but no search warrant. The Supreme Court here held the search and seizure of the papers, as incidental to the lawful arrest, were illegal and unreasonable under the Fourth Amendment to the federal Constitution. For here, held the Supreme Court, the search and seizure related, not (as in the Marron case) to documents and articles used in the commission of the offense charged (conspiracy to violate the National Prohibition Act, 41 Stat. 305), but rather (said the Court) the search was a mere exploratory search for the sole purpose of finding and seizing articles and papers in order that these might be used as evidence to convict him of crime.

In order, then, to decide the instant motion, it seems that this Court is confronted with the somewhat difficult and delicate problem of deciding whether the articles and documents herein seized fall into the category of the Marron case. ("things used to carry on the criminal enterprise"), in which event it would seem that this search and seizure are reasonable and lawful, or whether such articles and documents are more properly under the Lefkowitz category ("papers * * * solely for use as evidence of crime of which respondents were accused or suspected"), when the search and seizure would be illegal and unreasonable.

Here, it seems to me, the characteristically crisp opinion of Circuit Judge Learned Hand in United States v. Poller, 1930, 2 Cir., 43 F.2d 911, 74 A.L.R. 1382 (decided before the Lefkowitz but after the Marron case) is exceedingly helpful. The charge there was "that Swiss watch movements were being imported in fraud of the customs, manifested as chocolate sweets, and that a case of this sort had been shipped, marked 'L. A. B. #2' ". 43 F.2d 911, 912, 74 A.L.R. 1382. As incident to the lawful arrest of the defendant, the search and seizure were held lawful and reasonable as to documents " 'used to commit the offense' or to carry it on' ", including "papers which bore upon the importation of case, 'L. A. B. #2' ", also described as "all those [documents] which were prepared, sent to, or received by, Poller in connection with this very case, 'L. A. B. #2' ". 43 F.2d 913, 74 A.L.R. 1382. But the Court directed the return of all other documents seized, even though these documents might be highly incriminatory as to the defendant and even though they related to similar previous offenses by the defendant, such as "papers which covered earlier shipments of putative chocolate sweets". 43 F.2d 913, 914, 74 A.L.R. 1382.

Accordingly, I shall follow Judge Hand. The motion of the defendants is, therefore, sustained as to all the objects and documents which do not satisfy the illuminating characterization of Judge Hand just set out, as to the specific offenses for which the defendants have been indicted and for which they were arrested; while, by the same token, the motion of defendants is overruled as to articles and documents which clearly satisfy the positive description and definite designation in the Poller case.

A very lengthy list of the objects and documents seized (which ran into the hundreds) was furnished by counsel for the United States. It is suggested that a conference be arranged between counsel for the United States and counsel for the defendants at which an earnest endeavor should be made to arrive at an agreement as to which objects and documents fall into one or the other of the categories above indicated, which agreement will determine, accordingly, what objects and documents may be retained by the United States and what objects and documents must be returned to the defendants and suppressed as evidence in the instant case. As to any object or document on which counsel for the United States and counsel for defendants are genuinely unable to reach a decision, this Court will have to make the decision.

Motion sustained in part, and overruled in part.